**PANAPA MANOA, LAUPU'E TIPA, FIAPITO TANU, and VOLOTI MATAAFA, Plaintiffs**

**v.**

**JOHN SINAFOA JENNINGS, Defendant**

High Court of American Samoa
Land and Titles Division

LT No. 1-92

April 23, 1992

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, and MAILO, Associate Judge.

Counsel: For Plaintiffs, Tauese P.F. Sunia
For Defendant, Gata E. Gurr

This is yet another episode in the seemingly unending series of land disputes in the Iliili-Airport road vicinity--another legacy of unregulated subdivision developments.

## FACTS

The parties are adjacent-lot owners, and they all trace title to the original registrant Lautele Iuta. The defendant's lot is the servient tenement, while plaintiffs' respective holdings are the dominant tenement. The latter have filed suit seeking a permanent injunction to enjoin the defendant from interfering with their access to the main road. The defendant, who has only recently moved into the area, attempted to block the plaintiffs' further use of a defined access road which has been made available to them since 1987. The access road came about subsequent to an agreement between the parties' respective grantors, Tipa Fa'alafi, then owner of the servient tenement, and Mrs. Overland Olotoa, then owner of the dominant tenement. Fa'alafi and Olotoa agreed to exchange strips of land to the extent that Fa'alafi would yield up a strip of the servient tenement for access purposes, while an equal area of the dominant tenement would be yielded by Olotoa for Fa'alafi's use. Nothing was reduced to writing, but the agreement was acted upon by an exchange of performance; the access road was constructed and made use of by Olotoa's grantees, while Fa'alafi, on the other hand, planted and made use of that portion of the dominant tenement assigned to him.

The neighborhood lived in harmony until Fa'alafi sold his lot in 1991 to the defendant Jennings. The defendant, while continuing to make use of, and apparently also laying claim to, the exchanged strip of the dominant tenement, also wants the exclusive use of strip assigned by Fa'alafi for the access road. He claims that Fa'alafi had, immediately prior to selling him the land, given Olotoa's *husband* $1,000 to buy back the strip now involving the access road. This incredible claim, even if true, does not affect the exchange agreement which was entered into between Fa'alafi and *Mrs. Overland Olotoa*.

## CONCLUSION

Although no deeds were exchanged by their predecessors in interest, the court may nonetheless compel specific performance of a

24

partially performed agreement. Indeed, the court's power to compel specific performance is expressly recognized in the statute of frauds relating to land transactions. *See* A.S.C.A. § 37.0211. We conclude on the foregoing that there is at least an enforceable easement agreement which is binding on the parties hereto; that is, that Fa'alafi had agreed with Olotoa to grant an easement over his property in exchange for the use of an equivalent amount of Olotoa's land.

Accordingly, we decree specific performance of the easement agreement and enjoin the defendant from interfering with plaintiffs' rights under that easement.

It is so ordered.